# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **HARESH SHAH and RILWALA PROPERTY MANAGEMENT, LLC,**<br><br>Plaintiffs,<br><br>v.<br><br>**NISHANT K. SHETH and MADEIRA BOULEVARD INVESTMENTS, LLC,**<br><br>Defendants. | **Case No. 19 C 2185**<br><br>**Judge Harry D. Leinenweber** |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Haresh Shah and Rilwala Property Management, LLC bring this purported derivative suit against Defendant Nishant Sheth and nominal Defendant Madeira Boulevard Investments, LLC. Defendants move to dismiss on the grounds that Plaintiffs lack standing. For the reasons stated herein, Defendants' Motion to Dismiss (Dkt. No. 12) is granted.

## I.  BACKGROUND

Two Plaintiffs bring this case: Haresh Shah, an individual, and Rilwala Property Management ("Rilwala"), an Illinois limited liability company (LLC). (Am. Compl. ¶¶ 1-2, Dkt. No. 11.) Plaintiffs are suing Defendants Nishant Sheth, an individual, and Madeira Boulevard Investments ("Madeira"), a Delaware LLC. (Am. Compl. ¶ 4.) Haresh Shah has a limited power of attorney

for Suresh Shah. (Am. Compl. ¶ 6; Amended Limited Power of Attorney for Real Estate and Legal Proceedings ("POA"), Ex. B to Am. Compl., Dkt. No. 11-2.) As these two individuals share a last name, the Court will refer to them as "Haresh" and "Suresh."

Suresh and Sheth are the sole members of Madeira. (Am. Compl. ¶ 6.) Sheth owns a 60% interest in Madeira; Suresh owns 40%. (*Id.*) Voting rights in Madeira are divided 50-50 between Sheth and Suresh. (*Id.*) Madeira owns only one material asset: a parcel of land and a house, located at 121 N. Madeira Beach Boulevard, Kissimmee, Florida (the "House"). (Am. Compl. ¶16.) Rilwala is Madeira's principal creditor. (Am. Compl. ¶ 14.) Madeira owes Rilwala over $250,000. (*Id.*) Haresh is the principal member and manager of Rilwala. (Am. Compl. ¶ 15.)

Plaintiffs contend that on September 20, 2018, Sheth conveyed the House to himself, without any consideration paid to Madeira. (Am. Compl. ¶ 18.) This transfer rendered Madeira insolvent and unable to pay its creditors. (Am. Compl. ¶ 19.) Plaintiffs allege that Sheth conveyed the House to himself without Suresh's consent and in violation of Rilwala's rights as Madeira's principal creditor. Thus, Plaintiffs contend, Sheth unjustly enriched himself and breached his fiduciary duty to Madeira and its creditors.

Plaintiffs seek the following remedies: (1) declaratory judgment that Sheth, or any entity Sheth controls, holds the House solely as a trustee of Madeira and its creditors; (2) removal of Sheth as Madeira's manager; and (3) damages in an amount equal to the value of the House, in the event that the House is not re-conveyed to Madeira free and clear of any lien or encumbrance. Defendants now move to dismiss the Amended Complaint on the basis that neither Haresh nor Rilwala have standing to bring a shareholder's derivative action against Madeira.

## II. **LEGAL STANDARD**

In the first sentence of their Motion to Dismiss, Defendants state that they bring the motion under Federal Rule of Civil Procedure 12(b)(1), 12(b)(6), and 17(a)(1). However, despite this brief reference to Rules 12(b)(6) and 17(a)(1), Defendants' motion primarily challenges standing and thus falls under Rule 12(b)(1). Regardless, for purposes of a motion to dismiss under both Rules 12(b)(1) and 12(b)(6), a court accepts all well-pleaded allegations contained in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012); *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012). Under Rule 12(b)(1), the plaintiff bears the burden of

establishing that the court has jurisdiction over its claims. *United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (en banc). The court may consider matters outside of the complaint in ruling on a motion to dismiss for lack of subject-matter jurisdiction. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint and not the merits of the case. *McReynolds*, 694 F.3d at 878. The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A plaintiff need not provide detailed factual allegations and merely must provide enough factual support to raise his right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must allow the court to draw the reasonable inference that the defendant is liable for the purported misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. DISCUSSION

#### A. LLC Derivative Suit

In a derivative suit, an individual shareholder sues to enforce the corporation's right to proceed against officers,

directors, and third parties. *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 95 (1991). Defendants initially argue that a derivative action is for corporations and shareholders only; thus, because Madeira is an LLC and has "members" rather than "shareholders," this case cannot state a claim. (*See* Defs.' Mot. at 2, Dkt. No. 12 ("Obviously, with no shareholders there can be no shareholder derivative lawsuit.").) Because Madeira is incorporated in Delaware, Delaware law controls this issue. *See Westmoreland Cty. Employee Ret. Sys. v. Parkinson*, 727 F.3d 719, 725 (7th Cir. 2013).

However, within the same motion to dismiss, Defendants concede that Delaware law provides for derivative actions by LLC members. *See* Del. Limited Liability Company Act (the "LLC Act"), 6 Del. C. § 18-1001 ("A member or an assignee of a limited liability company interest may bring an action in the Court of Chancery in the right of a limited liability company to recover a judgment. . ."); *see also Kroupa v. Garbus*, 583 F.Supp.2d 949, 952 (N.D. Ill. 2008) ("Delaware law explicitly allows for LLC members to bring derivative claims."). It is unclear why Defendants raised this argument only to immediately concede it, other than perhaps to point out Plaintiffs were wrong to label their complaint a "shareholder" derivative suit; regardless, it is clear that a member of an LLC can bring a derivative action,

and this is the type of action Plaintiffs seek to litigate. The Court turns to the question of whether Rilwala has standing to pursue this derivative action.

## B. Rilwala's Standing

Defendants urge that Rilwala has no standing, as it brings this suit in its capacity as Madeira's creditor. Defendants are correct on this point. Delaware law is clear that creditors of an LLC do not have standing to bring derivative actions on behalf of an LLC. In *CML V, LLC v. Bax*, 28 A.3d 1037, 1043 (Del. 2011), the Delaware Supreme Court interpreted the LLC Act as clearly and unambiguously stating who can bring a derivative action on behalf of an LLC: the plaintiff must be "a member or an assignee." *See CML V, LLC v. Bax*, 28 A.3d 1037, 1043 (Del. 2011), *as corrected* (Sept. 6, 2011) (holding that 6 Del. C. § 18-1002 is "unambiguous" and "susceptible of only one reasonable interpretation": "[o]nly LLC members or assignees of LLC interests have derivative standing to sue on behalf of an LLC—creditors do not.").

Plaintiffs counter that because LLCs share many attributes with corporations, and the director of an insolvent corporation owes a duty both to shareholders and creditors, then so too must an LLC owe a duty to its creditors—thus conferring standing to Rilwala. Here Plaintiffs attempt to resuscitate an argument that

the Delaware Supreme Court explicitly rejected in *CML V*. As the *CML V* court explained, "the [Delaware] General Assembly is free to elect a statutory limitation on derivative standing for LLCs that is different than that for corporations, and thereby preclude creditors from attaining standing. … LLCs and corporations are different; investors can choose to invest in an LLC, which offers one bundle of rights, or in a corporation, which offers an entirely separate bundle of rights." *CML V*, 28 A.3d at 1043. Creditors of an LLC have no standing to bring a derivative breach of fiduciary duty claim against an LLC even if it is insolvent. *In re PennySaver USA Publ'g, LLC*, 587 B.R. 445, 467 (Bankr. D. Del. 2018). Thus, Plaintiffs' argument fails, and the Court dismisses Rilwala from this suit with prejudice. Accordingly, the Court turns to the question of whether Haresh—via his power of attorney for Suresh—has standing to bring this derivative action.

**C. Haresh Shah's Standing**

Defendants further argue that Haresh does not have standing to bring a derivative suit because, like Rilwala, Haresh is neither a member of Madeira nor an assignee of an interest in Madeira. *See* 6. Del. C. § 18-1002 ("In a derivative action, the plaintiff must be a member or an assignee of a limited liability company interest at the time of bringing the action."). Haresh,

in his response brief, does not articulate how he believes his suit fits within this limited framework. That is, he does not say whether he considers himself a member or assignee of an interest in Madeira—he only urges that his power of attorney confers upon him standing. Therefore, the Court must examine for itself whether Haresh, via his power of attorney, can be said to fall within either the category of "member" or "assignee." The Court will begin its analysis of Haresh's standing with a brief overview of powers of attorney generally and Haresh's power of attorney specifically, and then turn to whether Haresh's power of attorney is sufficient to allow him to move forward as either a "member" or "assignee" under the LLC Act.

A power of attorney is a written instrument "whereby the principal appoints the attorney-in-fact as agent and confers on the attorney-in-fact the authority to perform acts on behalf of the principal." *In re Marcet*, 352 B.R. 462, 473 (Bankr. N.D. Ill. 2006) (citation omitted); *see also* POWER OF ATTORNEY, Black's Law Dictionary (11th ed. 2019) ("An instrument granting someone authority to act as agent or attorney-in-fact for the grantor.").

Suresh signed a document titled "Amended Limited Power of Attorney for Real Estate and Legal Proceedings" on July 16, 2018. (*See* POA.) The document appoints Haresh as Suresh's "attorney-

in-fact" and grants Haresh the following relevant powers: participating in "any legal proceedings as it pertains to [Madeira] and [the House]"; filing "any claims, defenses or counterclaims"; and making "all decisions necessary for any legal proceedings as it pertains to [the House] and [Madeira]." (POA at 1.) The document uses the phrase "limited power of attorney" throughout, and notes that the "limited power of attorney shall apply to the following property[:] 121 N. Madeira Beach Boulevard, Kissimmee, Florida." *Id*. The document also states that "[a]ll acts done by means of this power shall be done in the name of Haresh Shah." *Id*. Accordingly, Haresh asserts that he has authority to bring suit in his own name on Suresh's behalf.

### 1. Assignee

The LLC Act allows an "assignee of a limited liability company interest" to file a derivative suit against an LLC. *See* 6. Del. C. § 18-1002. There is no documentation before the Court at present to suggest that Haresh is an assignee of Suresh's interest in Madeira. An assignment is "a transfer or setting over of property, or of some right of interest therein, from one person to another." ASSIGNMENT, Black's Law Dictionary (11th ed. 2019). Thus, an "assignee" is "someone to whom property rights or powers are transferred by another." ASSIGNEE, Black's Law

Dictionary (11th ed. 2019). A power of attorney is not the same thing as an assignment. *See Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 272, 277 (2008) (distinguishing between assignment of title and power of attorney). There does not appear to be any Seventh Circuit caselaw directly on this point, but the Second Circuit has held "a mere power-of-attorney—*i.e.,* an instrument that authorizes the grantee to act as an agent or an attorney-in-fact for the grantor—does not confer standing to sue in the holder's own right because a power-of-attorney does not transfer an ownership interest in the claim." *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 108 (2d Cir. 2008) (internal citation omitted). The power of attorney in this case does not contain any language that indicates Suresh transferred any of his interest in Madeira to Haresh. It empowers Haresh to conduct legal proceedings related to Madeira and the House, but it does not assign Suresh's rights to Haresh. (*See* POA.) Therefore, Haresh can only maintain this suit if the Court finds he is a "member" under the LLC Act.

### 2. Member

Though Haresh brings this action in his own name, he is clearly not a member of Madeira himself. The LLC Act defines "member" as "a person who is admitted to [an LLC] as a member as provided in § 18-301 of this title, and includes a member of the

limited liability company generally and a member associated with a series of the limited liability company." 6 Del. C. § 18-101(13). As already explained, the Delaware Supreme Court found that the LLC Act "is unambiguous and limits derivative standing in LLCs *exclusively* to 'member[s]' or 'assignee[s].'" *CML V*, 28 A.3d at 1041 (emphasis in original). Defendants point this language from *CML V* for the proposition that Haresh cannot bring a derivative suit against Madeira under any circumstances. However, the Delaware Supreme Court used that language in the context of holding that creditors cannot bring derivative suits against an LLC. The opinion is silent on whether, under the LLC Act, a member can use a power of attorney to empower his agent to file suit on the member's behalf.

Defendants identify no language in the *CML V* opinion that suggests the Delaware Supreme Court believes the Delaware General Assembly intended to prohibit LLC members from using powers of attorney to exercise their rights under the LLC Act. Indeed, the U.S. Bankruptcy Court for the District of Delaware held post-*CML V* that the trustee of a Chapter 7 estate of a bankrupt LLC had standing to bring a derivative suit against the LLC's president and managing member, despite the fact that the trustee was not a member or assignee himself. *In re Golden Guernsey Dairy, LLC,* 548 B.R. 410, 413 (Bankr. D. Del. 2015).

The court explained that even though the LLC Act and *CML V* clearly limited standing to members and assignees, the trustee could proceed because he was "the sole representative of the estate with the authority to sue and be sued" and was "charged with pursuing the estate's interests." *Id*. So too could someone with the power of attorney for an LLC member be the sole individual charged with pursuing that member's legal interests. Therefore, as the Court will explain below, if Haresh can obtain a power of attorney that clearly shows Suresh's intent to empower Haresh to file a derivative suit on Suresh's behalf, and if Haresh complies with the dictates of Rule 17(a), there is no reason *CML V* should categorically prohibit Haresh from using his power of attorney to bring this suit.

As-is, Haresh's power of attorney is insufficient to empower him to file a derivative suit on Suresh's behalf. Illinois law applies to the power of attorney in this case, as both Haresh and Suresh are Illinois residents, they executed their contract in Illinois, and the contract contains no choice of law clause to the contrary. Illinois courts construe powers of attorney narrowly. *See Estate of Nicholls v. Nicholls*, 960 N.E.2d 78, 83 (Ill. App. Ct. 2011). In *Nicholls*, a nephew acting under a power of attorney for his uncle made himself the beneficiary of his uncle's certificates of deposit. *Id*. at 79-

80. The nephew had ample language to rely on in the power of attorney, but the court still found that the power of attorney did not authorize him to change beneficiaries on certificates of deposit. *Id*. at 84-85. For example, the power of attorney gave the nephew the power to "acquire and redeem certificates of deposit." *Id.* He also had broad general powers "[t]o exercise, do, or perform any act, right, power, duty or obligation whatsoever that [the principal] now ha[s] or may acquire, relating to any person, matter, transaction or property, real or personal, tangible or intangible," and the power of attorney noted that any enumerated powers were not meant to "limit or restrict" the nephew's general powers. *Id*. at 81-82. Despite this textual support, the Illinois Appellate Court held that the "catch all" language could not make up for the absence of an express provision allowing the nephew to change beneficiaries. *Id*. at 83. *Nicholls* explained that because there was no specific reference to changing beneficiaries on the certificates of deposit, the nephew did not have the authority to do so.

In reaching its conclusion, the *Nicholls* court relied in part on the commentary in the Restatement of Agency, much of which tries to limit the breadth of catch-all provisions. As one comment explains, "where general terms are used which literally purport to grant great authority, such terms will normally be

interpreted as authorizing the agent to act only in connection with the business the agent is employed to perform. The more specific the enumeration of acts to be done, the smaller the area to be included in the general statement." *Nicholls*, 960 N.E.2d at *83 (citing* Restatement (Second) of Agency § 37 cmt. a (1958)). Another reads: "All-embracing expressions are discounted or discarded… [or] disregarded as meaningless verbiage." *Id*. (citing Restatement (Second) of Agency § 34 cmt. h (1958)). Other Illinois decisions also rely on these comments to narrow powers of attorney. *See, e.g., Fort Dearborn Life Ins. Co. v. Holcomb*, 736 N.E.2d 578, 589 (Ill. App. Ct. 2000) ("No matter how the power is characterized, a 'catchall' provision will not operate to expand powers expressly limited in other portions of the same instrument.").

Haresh's power of attorney contains sweeping authorizations: to "take any proceeding or action Haresh Shah [sees] fit"; to "participat[e] in any legal proceedings as it pertains to [Madeira] and [the House]"; and "to file any claims, defenses, or counterclaims." (*See* POA at 1.) This broad language appears to conflict with other portions of the same instrument that purport to limit the power of attorney. Thus, Haresh's power of attorney is simply not explicit enough to support his ability to bring a derivative suit against Madeira.

As a final procedural matter, Haresh has a Rule 17 problem. Under Rule 17(a), every federal lawsuit must "be prosecuted in the name of the real party in interest." FED. R. CIV. P. 17(a)(1); *see also Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 756 (7th Cir. 2008). The rule identifies certain persons who are authorized to prosecute an action for the benefit of another. Executors, guardians, and trustees are the most common examples. *Rawoof*, 521 F.3d at 756. This is a procedural rule requiring that the complaint be brought in the name of the party to whom that claim "belongs" or the party who "according to the governing substantive law, is entitled to enforce the right." *Id*. (citations omitted). The requirements of Rule 17 should not be confused with the jurisdictional doctrine of standing. *Id*. Under Rule 17 the Court is concerned only with whether an action can be maintained in the plaintiff's name. *Id*. As a general rule, a person "who is an attorney-in-fact or an agent solely for the purpose of bringing suit is viewed as a nominal rather than a real party in interest and will be required to litigate in the name of the principal rather than in the agent's own name." 6A Wright, Miller & Kane, Fed. Prac. & Proc. Civ. § 1553 (3d ed.). Though Defendants failed to develop any arguments under Rule 17(a)(1), it is clear that because Suresh is the "real party

in interest," Haresh should have brought this suit in Suresh's name.

To comply with Rule 17(a) and establish standing to bring a derivative claim against Madeira, Haresh must: (1) bring this suit in the name of the real party in interest, Suresh Shah; and either (2) agree to a power of attorney with Suresh that explicitly grants Haresh the power to bring a derivative suit against Madeira on Suresh's behalf, or (3) explain how he is a member of Madeira or an assignee of Suresh's interest in Madeira.

## IV. CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss (Dkt. No. 12) is granted. Rilwala is dismissed from this suit with prejudice. Haresh's claims are dismissed without prejudice.

**IT IS SO ORDERED.**

                                Harry D. Leinenweber, Judge
                                United States District Court

Dated: 8/22/19